UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COURTNEY HOWELL,

        Plaintiff,

  - against -

THE CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CV-6302 (RRM)(RLM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff *pro se* Courtney Howell commenced this action on December 5, 2011 asserting a claim against the City of New York and the New York City Police Department ("NPYD") pursuant to 42 U.S.C. § 1983. Presently before the Court is defendants' unopposed motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, defendants' motion is granted in its entirety and plaintiff's complaint is dismissed.

## BACKGROUND

    Plaintiff alleges that in connection with a previous misdemeanor conviction, neither the court nor the district attorney offered him an alternative to incarceration such as a job readiness program, drug program, or probation, and that the City has a policy of discriminating against African-American men by failing to offer them alternatives to incarceration while offering such alternatives to members of other racial groups.[1] On November 19, 2012, the City filed a motion to dismiss plaintiff's complaint for failure to

---

[1] Plaintiff previously brought another action, *Howell v. City of New York*, 11 Cv. 5485 (RRM)(RLM) ("*Howell I*"), by his attorney. Plaintiff settled that case with the City, but the settlement did not encompass the instant alternatives to incarceration claim.

1

state a claim. On December 11, 2012, after noting that defendants served their motion to dismiss on plaintiff at an address other than the address plaintiff had requested they use, the Court mailed a copy of defendants' motion to all three of plaintiff's addresses and indicated that, if plaintiff failed to respond to the motion within 21 days, defendants' motion would be considered unopposed. Plaintiff has not responded to the December 2012 Order or otherwise opposed defendants' motion to dismiss, and the Court therefore deems defendants' motion to dismiss unopposed.

## DISCUSSION

### I. Legal Standard on Motion to Dismiss

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. As required by Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)). There is no heightened pleading standard for a § 1983 claim; all that is required

is "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993).

A court considering a 12(b)(6) motion must "take factual allegations [in the complaint] to be true and draw all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Essentially, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *See Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (citations omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss his claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

## II.  Plaintiff's Claim Against NYPD

The NYPD is an agency of the City of New York and may not be sued independently of the City. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Morris v. New York City Police Dep't*, No. 98 CIV. 6607(HB), 1999 WL

1201732, at *3 (S.D.N.Y. Dec. 14, 1999), *vacated, in part, on other grounds*, 59 Fed. App'x 421, 422 (2d Cir. 2003); *Bailey v. New York City Police Dep't*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996). Accordingly, plaintiff's claim against the NYPD is dismissed.

### III.  Plaintiff's *Monell* Claim Against the City of New York

To state a *Monell* claim against the City, plaintiff must adequately allege that the City has an official policy or custom of inflicting the injury of which plaintiff complains. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978). "A single incident alleged in a complaint . . . generally will not suffice to raise an inference of the existence of a custom or policy." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (stating that "diffuse and expansive allegations are insufficient"); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) ("a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.").

Even reading plaintiff's *pro se* complaint with special solicitude and drawing all reasonable inferences in plaintiff's favor, plaintiff has not alleged sufficient facts to demonstrate that the City had an unconstitutional policy or practice with respect to offering alternatives to incarceration. Plaintiff alleges that he was treated unfairly in comparison to other racial groups and that African-American men are, statistically, offered alternatives to incarceration less frequently than other racial groups. However, plaintiff has not (1) pointed to any instances where other African-American men were not offered alternatives to incarceration, (2) pointed to any instances where other racial

4

groups were offered alternatives to incarceration, or (3) indicated what statistics he relies on to demonstrate such a racial disparity. In fact, plaintiff offers no facts at all to demonstrate a policy or custom of the City apart from the fact that he was not offered alternatives to incarceration. Plaintiff's conclusory allegations provide no basis for "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S. Ct. at 1949, and are therefore insufficient to state a plausible claim for relief. *See City of Oklahoma City*, 471 U.S. at 823–24; *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference") (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).

Moreover, plaintiff alleges that the persons responsible for failing to offer him an alternative to incarceration were the sentencing court and the district attorney, but has not named those persons as defendants in this case. Even if he had done so, however, they would be immune from suit. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (holding that district attorneys "are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.'").

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint is granted. The Clerk of Court is directed to enter judgment accordingly, send a copy of this Memorandum and Order and the accompanying judgment to plaintiff, and close the file.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      June 18, 2013

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge